UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
GOODWORLDCREATIONS LLC d/b/a/ :
CROWDNETIC, :
: 14 Civ. 3848 (TPG)
              Plaintiff, :
: **OPINION**
      - against - :
:
:
ALBRIGHT, :
:
              Defendant. :
:
:
------------------------------------------------x

    Defendant Dara Albright moves this Court to reconsider its August 12, 2015 Opinion denying her motion to dismiss Plaintiffs' claims for tortious interference with business relations and conversion, and partially granting Plaintiff Crowdnetic's motion to dismiss her counterclaims. Defendant-Counterclaimant's Mot. Recon. at 1–2, Aug. 28, 2015, ECF No. 57 [hereinafter Mot. Recons.]. Albright argues that: (1) the Court overlooked cases allowing for collateral pleading of both fraud in the inducement and breach of contract; (2) the Court should grant Albright leave to amend her Second Amended Counterclaim ("SACC") to allege fraudulent inducement as an alternative to the breach of contract counterclaim; and that (3) the Court should grant Albright leave to amend her entire pleading "after first receiving guidance from the court."

    For the reasons set forth below, the Defendant-Counterclaimant's motion for reconsideration is denied.

1

## Background

Plaintiff Crowdnetic, a provider of market data solutions in the global crowdfinance arena, entered into a Membership Interest Purchase Agreement (the "Purchase Agreement"), dated as of August 1, 2013 and effective as of January 1, 2014, with Defendant Albright, to acquire Defendant Albright's 100% interest in NowStreet. When Crowdnetic purchased NowStreet, it also purchased NowStreet's one-third membership interest in LendIt Conference, LLC.

Between 2013 and 2014, a dispute arose amongst the parties as to whether and to what extent the Purchase Agreement, which contained a merger clause, was tacitly contingent on Crowdnetic promising Albright an employee position and a unit option agreement. Crowdnetic moved for declaratory judgment to settle the title of Nowstreet and also brought five claims for compensatory and punitive damages against Albright. Albright, in turn, brought counterclaims against Crowdnetic and Crowdnetic's CEO, Alice Cox, for breach of contract, common law fraud, securities fraud, and tortious interference with business relations.

Crowdnetic moved to dismiss all of Albright's counterclaims, and Albright moved to dismiss Crowdnetic's claims for tortious interference with business relations and conversion. On August 12, 2015, this Court issued an Opinion denying Albright's motion to dismiss the complaint and partially granting Crowdnetic's motion to dismiss the counterclaim. Albright's motion for reconsideration followed.

## Discussion

The Local Civil Rules of this court provide that a party may seek reconsideration of an order upon "setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." S.D.N.Y. R. 6.3. Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of

scarce judicial resources." Anwar v. Fairfield Greenwich Ltd., 800 F. Supp. 2d 571, 572–73 (S.D.N.Y. 2011) (citations and quotation marks omitted); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). To these ends, a request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The court may also grant the motion to "correct a clear error of law or prevent manifest injustice." Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004). However, the court will deny the motion where the movant "seeks solely to relitigate an issue already decided. Shrader, 70 F.3d at 257. Without good reason to do otherwise, "a court will 'generally adhere to [its] own earlier decision on a given issue in the same litigation.'" In re Rezulin Liability Litig., 224 F.R.D. 346, 350 (S.D.N.Y. 2004) (quoting Tri-Star Pictures, Inc. v. Leisure Time Prod., B.V., No. 88 Civ. 9127, 1992 WL 296314, at *2 (S.D.N.Y. Oct. 6, 1992) (citation omitted)).

### Application

Albright raises three matters for the Court's reconsideration: (1) her argument that she adequately pled both fraud in the inducement and breach of contract; (2) her request to amend the SACC in part; and (3) her request to amend the SACC as a whole. We examine each of Albright's requests in turn.

I. Parallel Counterclaims for Fraudulent Inducement and Breach of Contract

Albright first argues that this Court overlooked settled New York law holding that claims for fraudulent misrepresentation and breach of contract can coexist when the two claims are connected with or depend upon separate contracts. Mot. Recons. at 5-6. But the Court considered both New York law and Albright's arguments on the topic. This was plain from the language of

3

the Opinion; the Court cited to and quoted from the Bridgestone/Firestone decision, among others, when it specifically referenced and rejected the application of the doctrine to which Albright referred. Op. at 21–22, Aug. 12, 2015, ECF. No. 50 (citing Bridgestone/Firestone, Inc. v. Recovery Credit Servs., 98 F.3d 13, 20 (2d. Cir. 1996)). And while Albright cites *additional* case law in support of its argument, it does not cite *new* or *unnoticed* case law that could reasonably alter the outcome of the Court's decision.

Far from overlooking precedent or giving short shrift to the precedent cited or arguments made, the Court rejected Albright's fraudulent misrepresentation counterclaim on more than one ground. The Court also held that Albright's fraudulent misrepresentation counterclaim did not meet the strict pleading requirements of Rule 9(b). Op. at 22. Albright does not move the Court to reconsider its conclusion as to Rule 9(b).

Upon review of the parties' submissions, the Court finds that Albright urges reconsideration on the basis of essentially the same arguments that were raised in briefing on the original motion to dismiss. Albright has failed to show that there has been a change in controlling law, newly available evidence, or that the Court committed clear error when it dismissed her fraud counterclaim. As such, Albright's motion for reconsideration is denied as to Albright's fraud counterclaim.

II.   Leave to Amend

Next, Albright asks the Court to reconsider its decision denying her leave to further amend her SACC. Albright makes this request in two ways: (1) as a request to make a limited amendment to its SACC to allege an alternative fraud counterclaim; and (2) as a request to amend the SACC in its entirety. Through these requests, Albright asks for the same relief in two ways. The result is the same.

4

In asking for leave to amend, Albright reiterates and reemphasizes the liberal amendment standard proffered in its moving papers and recognized in this Court's Opinion. However, such repetition does not constitute new precedent, new evidence, or a showing of clear error warranting reconsideration of this Court's Opinion.

Albright additionally argues that because "she has yet to amend her pleading after having the benefit of receiving guidance from the Court," her two prior pleading amendments should not count as true amendments. Mot. Recons. at 8. Yet Albright has failed to cite any precedent—let alone new or overlooked precedent—suggesting that pleading amendments before a motion to dismiss decision should be treated any differently from those requested after a decision on a motion to dismiss decision has been handed down.

Albright has now had two opportunities to reargue her counterclaims. Allowing for a third opportunity would result in further delays in what is already a heavily briefed and lengthy litigation. Such delays ensure increased financial burden for both parties.

This Court has used its discretion to deny Albright a third opportunity to amend her pleadings and Albright has not provided sufficient cause for the Court to vary from that decision at this juncture.

## Conclusion

For the following reasons, defendant-counterclaimant's motion for reconsideration of this Court's Opinion dated August 28, 2015 is denied.

This opinion resolves the item listed as document number 56.

SO ORDERED.

Dated: New York, New York
September 18, 2015

Thomas P. Griesa
U.S. District Judge